## No. 13,846.

### SIMON SCHWARTZ VS. FIDELITY AND DEPOSIT CO. OF MARYLAND.

#### SYLLABUS.

A party applying to the Supreme Court for a writ of review of the judgment of the Court of Appeals overruling an exception "of no cause of action," and remanding the cause for a trial on the merits, is sufficiently protected by reserving to him the right to test before the Supreme Court the correctness of this judgment, on the review of the final judgment to be rendered in the case, if such review should become necessary.

IN RE Fidelity and Deposit Co., Applying for *Certiorari*, or Writ of Review, to the Court of Appeals, Parish of Orleans, State of Louisiana.

---

*Purnell M. Milner* for Applicant.

---

#### STATEMENT OF THE CASE.

The opinion of the court was delivered by

NICHOLLS, C. J. From the allegations of the applicant herein it would appear that it was the security upon an attachment bond exe-

cuted by S. Israel & Co., in order to obtain an attachment against Jennie Levy. That certain incorporeal rights of Simon Schwartz were seized and garnisheed.

That Schwartz applied to the civil sheriff for a release of the property upon giving him an indemnity bond, but the sheriff refused to accept the bond or release the seizure. That, failing to obtain this release, he proceeded judicially against the sheriff to obtain, and did obtain, the release. That in these last proceedings he had to expend twenty-three dollars for attorney's fees and costs.

That he then instituted a suit against the Fidelity and Deposit Company to recover this amount, as being liable to him as surety in the attachment bond. That it filed an exception of no cause of action; no averment being made that the attachment had been dissolved or set aside as having been wrongfully obtained. That the district court sustained this exception and dismissed the suit. That the plaintiff thereon appealed to the Court of Appeals. That the latter court reversed on appeal the judgment of the district court, overruled the exception of no cause of action, and remanded the cause for a trial on the merits. The object of the present application is to have the Supreme Court review this action of the Court of Appeals.

### OPINION.

The judgment rendered in the two courts which we are asked to review was upon an exception of no cause of action, taken during the progress of the cause. The effect of the judgment of the Court of Appeals is to cause the case to be tried upon its merits. We think the rights of the applicant will be sufficiently protected by reserving to him the right (should it be finally cast in the action and the judgment against it be brought to this court for review) to question then the correctness of the judgment of the Court of Appeals upon this exception.

We decline for the present to review the judgment of the Court of Appeals referred to in the application. We reserve expressly to the applicant the right, should the final judgment rendered in the cause come to us for review, to submit to us at that time as one of the questions for review, the correctness of the judgment of the Court of Appeals, sought to be reviewed at the present time.