MONROE, J.
The plaintiffs in this case sued to enjoin the city of New Orleans from selling certain railway franchises, and to have the ordinances under which the sale was to be made decreed null. The St. Charles Street Railroad Company intervened, an<J joined the defendant in resisting the plaintiffs’ demands. The ease was decided in the district court against the defendant and the intervener, but upon appeal taken by both to this court the judgment of the district court was reversed, and the demands of the plaintiffs were rejected, “at their costs in both courts.” Johnson et al. v. City of New Orleans, 105 La. 161, 29 South. 355.
Thereafter, the city and the railroad company joined in a rule in the district court requiring the plaintiffs in the case to show cause why certain costs paid by them (plaintiffs in rule) should not be taxed, and judgment rendered therefor. To this the defendants in rule excepted:
(1) That the rule disclosed no cause of action.
(2) That the St. Charles Street Railroad Company was not a defendant in the case, and that the decree of this court ignored its intervention.
(3) That Samuel L. Gilmore, city attorney, was not a party to the suit, and defendants in rule are in no wise liable to him for costs.
Which exceptions were followed by a general denial and a special denial of liability to the St. Charles Street Railroad Company. There was judgment in the district court in favor of the plaintiffs in rule for $305.31, and the defendants in rule have appealed.
The rule, as originally filed, was amended in so far as to add the words “of [for] the City of New Orleans” after the name and title of the city attorney, and the exceptions numbered 1 and 3 are not here insisted on, the proposition upon which the appellants principally rely being that no judgment has been rendered in favor of the St. Charles Street Railroad Company on the main issues. This proposition is not well founded. The St. Charles Street Railroad Company intervened in the suit for the purpose of joining the defendant in resisting the plaintiffs’ demands. Its intervention was dismissed by the district court by the same judgment by which the defendant the city of New Orleans was condemned, and on the appeal taken by both the intervener and the defendant the judgment so rendered was reversed in toto, and the demands of the plaintiffs were rejected, “at their costs in both courts.” It may be remarked, too, in this connection, that, when the judgment of the district court referred to was rendered, the sale of the franchise had taken place, and the railroad company had become the purchaser, so that it was not only a party, but at the time a necessary party, to the proceedings and the judgment, and, as it merely prayed for the rejection of the plaintiff’s demands, the judgment of this court to that effect was as much a judgment in its favor as in favor of defendant.
It was shown upon the trial of the rule here in question that, at the request of the city attorney, the counsel for the railroad company paid all of the costs which it is the purpose of the rule to recover, and, as the judgment appealed from makes the rule absolute in 'favor of both plaintiffs, it is said by counsel for the appellants that it must be reversed in so far as the city is concerned. This, we think, is a non sequitur. The defendants in rule are concerned only in seeing that they are not condemned to pay more costs than they are liable for, and are not left in a position to be called on a second time for the same costs, and, both city and the company having been parties to the rule, and being parties to the judgment appealed from, they have been and are fully protected in those respects.
It is said that an item of $31.50 costs of this court “on application for mandamus” is not properly chargeable to defendants in rule. As plaintiffs in the main action, the defendants in rule had obtained a preliminary injunction, which the city of New Orleans asked to have dissolved as on a bond; and the application, having been set down for hearing, was successfully resisted by the defendants in rule. The city then applied for a writ of mandamus, which was granted by *699 this court, directing the judge a quo to dissolve the injunction as on bond. State ex rel. City of N. O. v. Judge, 52 La. Ann. 1275, 27 South. 697, 51 L. R. A. 71. The matter was one which concerned the defendants in rule, not the judge, and we think the former have been properly required to pay the costs.
Objection is made that an item of $30 for costs of copies of notarial acts and ordinances is not proved. Counsel for the plaintiffs in rule offered in evidence the entire record* in the case of Johnson et al. v. City of N. O., but it has not been included in the transcript. It may be that it afforded the necessary proof.
Judgment affirmed.